JEROME M. WINSBERG, Pro Tempore Judge.
 

 | gThe Defendant, Angela Remondet Jab-our, appeals a custody award of two of her children to the Plaintiffs, the maternal grandparents, Lloyd and Evelyn LaPrair-ie. We reverse.
 

 
 *1128
 
 On January 23, 2008, the Plaintiffs filed a Petition for Protection from Abuse and for custody under La.R.S. 46:2121-2143 against the Defendant on behalf of her three oldest children, Jessica, Heather, and Kayla. The Defendant answered the Plaintiffs’ petition and reconvened with a Petition for a Temporary Restraining Order against the Plaintiffs.
 
 [1]
 

 pThe trial was held on February 7 and 8, 2008. After the hearing, the trial judge granted custody of Heather and Jessica to the Plaintiffs, but reserved the decision as to Kayla, who was being treated in Children’s Hospital. Following a teleconfer-encé shortly after, the trial judge awarded custody of Kayla to the Defendant. The trial judge dismissed the Defendant’s petition.
 

 On appeal, the Defendant asserts that the trial judge erred in awarding custody of Jessica and Heather to the Plaintiffs. We agree.
 

 The petition and testimony show that the Plaintiffs sought custody of the children because the Defendant told them to take the children, but after the children went to live with the Plaintiffs, the Defendant changed her mind and wanted them returned. The Plaintiffs also believe that the Defendant is overmedicated. The Defendant admitted she takes medication for back pain and depression, and further claims she has been diagnosed with cancer. The grandmother, Evelyn LaPrairie, however, testified she also takes prescription anti-depression medications. In addition, LaPrairie testified that the older child wants to live with the Plaintiffs allegedly because the Defendant has married for the third time. The child did not testify.
 

 The Defendant testified that she is capable of taking care of her two older girls. Notably, the trial judge awarded custody of Kayla to the Defendant.
 

 The provisions set out in La.R.S. 46:2121-2143 are limited to instances of actual abuse.
 
 [2]
 
 The record shows that the Plaintiffs did not make any factual ^allegations of abuse or domestic violence by the Defendant against the children. Furthermore, there is no evidence in the record of domestic abuse by the Defendant against the children. Thus, we find that those statutes do not apply.
 

 Since the domestic violence statutes are inapplicable, and in the absence of a properly filed petition for custody under La. C.C. Art. 131, the Plaintiffs’ petition should
 
 *1129
 
 have been dismissed.
 
 [3]
 
 Consequently, we find that the trial judge erred in granting custody to the Plaintiffs under these circumstances, and the judgment must be reversed.
 
 [4]
 
 The Plaintiffs are free, however, to seek custody in the future under the appropriate statutes. In that event, we note that, in addition to the factors set out in La.C.C.Art. 134, a non-parent must show that substantial harm will result to the child if the custody is not changed to a non-parent. See: La.C.C. Art. 133.
 
 [5]
 
 In addition, since there was testimony indicating that both the Defendant and her hospitalized daughter accused the grandfather of sexual abuse in the past, those sexual abuse allegations should be addressed in any future custody proceedings.
 

 Accordingly, the judgment of the trial court is hereby reversed.
 

 REVERSED.
 

 [1]
 

 . The Defendant had three children prior to marrying Ira Remondet, the Defendant in consolidated Appeal No. 08-CA-839. They were married in 2000, had two children, Matthew and Summer, and divorced in 2003. Remondet also filed a Petition for Protection from Abuse against the Defendant a day after the Plaintiffs. He also requested protective relief, and for custody of Matthew and Summer. That case was consolidated in the trial court with the Plaintiffs’ case. On the same day that the trial judge granted custody of Heather and Jessica to the Plaintiffs, the trial judge granted Remondet custody of Matthew and Summer. Although a motion for appeal was filed in the Remondet case, No. 08-CA-839, and consolidated with the appeal from the ruling against the Defendant in the Plaintiff's case, No. 08-CA-838, the Appellant’s brief states that she is only appealing the award of custody to the grandparents. Thus, the Remondet appeal is considered abandoned.
 

 [2]
 

 . La.R.S. 46:2132(3) defines domestic abuse as follows:
 

 "Domestic abuse" includes but is not limited to physical or sexual abuse and any offense against the person as defined in the Criminal Code of Louisiana, except negligent injury and defamation, committed by one family or household member against another. "Domestic abuse” also includes abuse of adults as defined in R.S. 14:403.2 when committed by an adult child or adult grandchild.
 

 [3]
 

 . La.C.C. Art. 131 states:
 

 In a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child.
 

 [4]
 

 . This determination does not affect the other custody awards, as those were not appealed from by any party.
 

 [5]
 

 .La.C.C. Art. 133 states:
 

 If an award of joint custody or of sole custody to either parent would result in substantial harm to the child, the court shall award custody to another person with whom the child has been living in a wholesome and stable environment, or otherwise to any other person able to provide an adequate and stable environment.